■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM BARKER WILSON, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 24, 1963 on his plea of guilty, convicting him of attempted grand larceny in the second degree, and imposing sentence upon him as a prior felony offender. Judgment affirmed. In *People ex rel. Di Michele* v. *Fay* (20 A D 2d 675) we did not determine that the warning to be given under section 335-b of the Code of Criminal Procedure required the court to advise the defendant of the minimum and maximum terms to which a prior felony offender might be subjected for a specific crime to which he pleaded guilty. In the cited case, the failure of the court to inform the defendant of the maximum sentence, although it did inform him of the minimum sentence, was merely one of the factors there taken into consideration in the light of the entire colloquy at the time of the plea of guilty, in determining whether there had been substantial compliance with the statute. No such requirement is contained in the statute; and, as it read before the 1963 amendment (L. 1963, ch. 578), the warning was to be issued before any plea. It is clear that on the return of the indictment here, there was compliance with the statute (Code Crim. Pro., § 335-b). In addition, the announcement by the Clerk of the court, acting on behalf of the court, at the time of withdrawal of the plea of not guilty, constituted sufficient compliance with the statute. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

■ In the Matter of SOL GORDON, Also Known as SOLOMON GORDON, Petitioner. BERNARD C. SMITH, as District Attorney of Suffolk County, Respondent.— Application for reinstatement as an attorney at law by the petitioner, who had been suspended from practice for a period of six months by order of this court, dated March 14, 1962. Application granted; petitioner reinstated as an attorney and counsellor at law. Beldock, P. J., Kleinfeld, Christ and Brennan, JJ., concur; Hill, J., not voting.

■ In the Matter of SIDNEY GONDELMAN, an Attorney, Petitioner. BROOKLYN BAR ASSOCIATION, Respondent.— Petitioner, who had been disbarred by this court in 1940 (*Matter of Brooklyn Bar Assn.* v. *Gondelman,* 258 App. Div. 1085), now moves to be reinstated as an attorney and counselor at law. The sole ground for his disbarment, as stated in the decision of this court, was a finding of his guilt on a charge of subornation of perjury of an alleged eyewitness to an accident. This application for reinstatement is made on the basis of newly discovered evidence. In our opinion, the newly discovered evidence adduced casts grave doubt upon the validity of the proof on which the 1940 disbarment rests. Such doubt is supported and confirmed by reports made to this court by former Official Referees Hooley and Adel. We are of the opinion that, if the newly discovered evidence had been before the court at the time of the 1940 disbarment proceeding, the result would have been a dismissal of that proceeding. Thus, in the interests of justice and based on the proof now before us, we deem that there is sufficient to warrant the petitioner's reinstatement. The record supports, and there is no denial, of the fact that since 1940 the petitioner has been a person of good moral character. Accordingly, the petitioner's motion for reinstatement is granted, and petitioner is reinstated as an attorney and counselor at law. Beldock, P. J., Christ, Brennan and Hopkins, JJ., concur; Kleinfeld, J., not voting.